UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LEWIS, | No. 2:24-cv-2382 AC P |
| Plaintiff, | |
| v. | ORDER |
| BENIVIDADZ, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has paid the filing fee and requests referral for a settlement conference.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1

of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the Complaint

The complaint alleges that defendants Benividaz, Farris, Ichanan, Garcia, Solomon, Lee, and Evans violated plaintiff's rights under the Eighth Amendment. ECF No. 1. Specifically, plaintiff alleges that on August 13, 2022, he was forced to be housed with an inmate who had a history or harming other inmates. This inmate stabbed plaintiff in the head and face numerous times and on January 11, 2023, he bit plaintiff's finger.[1] Id. at 5. Eight months later, plaintiff was diagnosed with "non-venerable" syphilis.[2] Id. All defendants were responsible for plaintiff's custody and welfare while at California Medical Facility but did nothing to stop the other inmate from harming him. Id. He asserts that they were all aware that the other inmate was "violent, dangerous, suicidal" and failed to remove him from the general population. Id.

III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a claim for relief under the Eighth Amendment against any defendant for their failure to protect him. The complaint makes only general and conclusory assertions that defendants were responsible for plaintiff's wellbeing and failed to protect him. There are no allegations regarding each defendant's specific conduct or knowledge of the danger to plaintiff, and it appears that several of the defendants may have been named based solely on their

---

[1] It is unclear if the stabbing and biting were one incident or two separate incidents.
[2] Plaintiff presumably means nonvenereal syphilis.

1 supervisory positions. Because of these defects, the court will not order the complaint to be
2 served on defendants.

3     Plaintiff may try to fix these problems by filing an amended complaint. In deciding
4 whether to file an amended complaint, plaintiff is provided with the relevant legal standards
5 governing his potential claims for relief which are attached to this order. See Attachment A.

6     IV.    Legal Standards Governing Amended Complaints

7     If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
8 about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,
9 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named
10 defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
11 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
12 connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,
13 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official
14 participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,
15 268 (9th Cir. 1982) (citations omitted).

16     Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
17 his amended complaint complete. Local Rule 220 requires that an amended complaint be
18 complete in itself without reference to any prior pleading. This is because, as a general rule, an
19 amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
20 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no
21 longer serves any function in the case. Therefore, in an amended complaint, as in an original
22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23     V.    Motion for a Settlement Conference

24     Plaintiff has moved for a settlement conference. ECF No. 4. Because the complaint does
25 not state any claims for relief and no defendant has been served, the request for a settlement
26 conference is premature and will be denied. In the event plaintiff is able to state a viable claim
27 for relief and the complaint is served, this case will be referred for Post-Screening Early ADR
28 ////

(Alternative Dispute Resolution) after defendants have filed waivers of service or an answer to the complaint.

    VI.    <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a settlement conference (ECF No. 4) is DENIED.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

II. Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.