UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BENIVIDAZ, et al.,<br><br>    Defendants. | No. 2:24-cv-2382 AC P<br><br><br>ORDER |

    Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer and has paid the filing fee. Pending before the court is screening of plaintiff's First Amended Complaint ("FAC") and a request for status. ECF Nos. 6, 8.

    I.    Statutory Screening of Prisoner Complaints

        A.  Legal Standards

    The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by

statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### B. Factual Allegations of the Complaint

The complaint alleges that defendants Benividaz, Cueva, Osman, Farris, Ichanan, Garcia, Solomon, Lee, and Evans violated plaintiff's rights under the Eighth Amendment.[1] ECF No. 6. Specifically, plaintiff alleges that defendant Garcia forced plaintiff to move to R-1 housing to share a cell with an inmate, Davis, who had a history of violence. Id. at 8. Defendant Garcia was aware of the inmate Davis' history of violence but nonetheless forced the move because the "Dog Program" overrode everything at California Medical Facility ("CMF"). Id. On January 11, 2023, while in R-1 housing, inmate Davis stabbed plaintiff in the head multiple times with a metal pen

---

[1] It appears plaintiff seeks relief under both the Eighth and Fourteenth Amendments based on the failure to protect. ECF No. 6 at 8-9. The Eighth Amendment's Cruel and Unusual Punishment Clause, however, governs because the FAC alleges plaintiff has been incarcerated for thirty-years and plaintiff's incarceration in the California Department of Corrections and Rehabilitation indicates that he is a convicted prisoner rather than a pretrial detainee. See ECF No. 6 at 8; Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979))).

and bit plaintiff's finger.  Id. at 4, 8.  As a result, plaintiff contracted "Secondary Nonvenerable Sypillis."[2]  Id.

Defendants Benividaz, Cueva, Osman, Farris, Ichanan, Solomon, Lee, and Evans knew inmate Davis had a violent history.  Id. at 4, 8.  "Defendants noticed that their training program insufficiently prepared prison staff to respond to complaints of fear and violence in their custody."  Id. at 4.  There was "a pattern of similar constitutional violations where inmates were physically assaulted after warning."  Id.

Defendants Solomon, Lee, and Evans were correctional officers in R-1 housing.  Id. at 8.  Defendant Osman, the chief medical officer, did not screen inmate Davis for communicable diseases.  Id. at 5, 8.  Defendant Osman's failure to screen inmate Davis for communicable diseases put plaintiff's health and safety at risk.  Id.

By way of relief, plaintiff seeks $8 million in monetary damages, parole from prison, proper medical assessment and care for his injury, appointment of a mediator, and appointment of counsel.  Id. at 10.

### C. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that, liberally construed, the FAC states a cognizable Eighth Amendment claim against defendant Osman for failing to screen inmates for communicable diseases and against defendant Garcia for failure to protect plaintiff by forcing him to be housed with an inmate with known violent history.

### D. Failure to State a Claim

However, the allegations in the complaint are not sufficient to state Eighth Amendment failure to protect claims against defendants Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and Evans.  The complaint makes only general and conclusory assertions that defendants Benividaz, Cueva, Ichanan, Solomon, Lee, and/or Evans were responsible for plaintiff's wellbeing and failed to protect him.

Plaintiff fails to state a claim against defendants Benividaz, Cueva, Farris, and/or Ichanan

---

[2] Plaintiff presumably means nonvenereal syphilis.

because they appear to be named solely based on their supervisory roles as wardens, captains, and/or lieutenants, and not based on their own actions. First, the complaint does not allege that defendants Benividaz, Cueva, Farris, and/or Ichanan personally participated in or directed the alleged violations. Second, plaintiff's allegations regarding defendant Benividaz's, Cueva's, Farris', and Ichanan's subjective knowledge about the serious risk of harm to plaintiff are nothing more than conclusory assertions. Conclusory assertions that defendants "knew" and that there was "a pattern of other similar constitutional violations" will not suffice. To state deliberate indifference claim based on personal involvement, plaintiff must allege *facts* (not conclusions) from which the court can infer *each* defendant *actually knew* (not should have known) that plaintiff was housed with inmate Davis, that inmate Davis posed a serious risk of harm to plaintiff, and that each defendant failed to take reasonable steps to address the serious risk of harm. To state a deliberate indifference claim based on a failure to train theory, plaintiff must allege *facts* (not conclusions) from which the court can infer that *each* defendant was responsible for training staff on how to handle reports of threats to an inmate's safety and *actually knew* (not should have known) more or different training was necessary to prevent the alleged constitutional violation before it occurred.

Plaintiff similarly fails to state any claims against defendants Solomon, Lee, and Evans because he fails to link them to any alleged violations. That they worked in the housing unit where the incident occurred is insufficient to plausibly allege their personal involvement in an alleged constitutional violation.

Because it appears to the court that plaintiff may be able to allege facts to fix these problems, plaintiff has the option of filing an amended complaint. Plaintiff, however, is advised that if he continues to make only conclusory allegations against Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and Evans, or name them solely based on their supervisory roles, the undersigned will recommend dismissal of those defendants without further leave to amend.

### E. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to

4

the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Osman and Garcia on the Eighth Amendment deliberate indifference claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and Evans. The court will proceed to immediately serve the complaint and order a response from defendants Osman and Garcia.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section I.D. against defendant Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and/or Evans. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

II.    Request for Appointment of Counsel

In the complaint, plaintiff asks for appointment of counsel and cites Eighth Circuit case law on the issue. ECF No. 6 at 7, 10. Plaintiff, however, does not explain the basis for his request.

The court construes this request for relief as a motion for appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to

meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, plaintiff's motion for the appointment of counsel is denied without prejudice.

III.     Status Report (ECF No. 8)

Plaintiff has filed a status report where it appears he is asking to commence written discovery and set dates for depositions. ECF No. 8. The court construes the status report as a request for discovery.

Plaintiff's request for discovery is denied as premature. The case is still at the screening stage and no defendant has been served. In the event any defendant is served and files an answer, a schedule will be set for discovery at that time.

IV.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. After construing the complaint as generously as permissible, you have sufficiently stated Eighth Amendment deliberate indifference claims against defendants Osman and Garcia, such that the court can order service of the complaint. However, you have not stated any claims against defendants Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and/or Evans.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment deliberate indifference claims against defendants Osman and Garcia and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

Your request for appointed counsel in the complaint is being denied at this time because you have not established a basis for such appointment. If you believe you can satisfy the standard for appointment of counsel, as described above, you may file a new motion for appointment of counsel.

Your request for a status report on discovery is being interpreted as a request for discovery and is being denied. If the time comes to commence discovery, the court will issue such an order.

V. <u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and Evans do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claims against defendants Osman and Garcia as set forth in Section I.C. above, or to file an amended complaint.

3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

4. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and Evans.

5. Plaintiff's requested relief for appointment of counsel in the complaint (ECF No. 6 at 7, 10) is being construed as a motion for appointment of counsel and is denied without prejudice.

6. Plaintiff's status report (ECF No. 8) is construed as a request for discovery and is denied as premature.

DATED: December 1, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL LEWIS,

        Plaintiff,

  v.

BENIVIDAZ, et al.,

        Defendants.

No.  2:24-cv-2382 AC P

NOTICE OF ELECTION

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference claims against defendants Osman and Garcia without amending the complaint.  Plaintiff understands that by choosing this option, defendants Benividaz, Cueva, Farris, Ichanan, Solomon, Lee, and Evans will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                      Paul Lewis
                                      Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.  Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.  Legal Standards Governing Substantive Claims for Relief

A.  Section 1983 Liability

i.  Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

          ii.   Supervisory Liability

"There is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

          iii.   Failure to Train

The inadequacy of training may serve as a basis for liability under section 1983 where the failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). To satisfy the deliberate indifference standard, plaintiff "must allege facts to show that the [defendant] 'disregarded the known or obvious consequence that a particular omission in their training program would cause . . . employees to violate citizens' constitutional rights.'" Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (citing Connick v. Thompson, 563 U.S. 51, 51-52 (2001)). A pattern of similar violations is ordinarily necessary to state a claim for failure to train, because absent such a pattern the individual or entity cannot have been aware that their failure to train would likely cause further constitutional violations. Id.; see also Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (same standard for inadequate training applies to inadequate supervision).

Isolated incidents by two deputies do not suffice to put the sheriff on "'notice that a course of training is deficient in a particular respect,' nor that the absence of such a course 'will cause violations of constitutional rights.'" Flores, 758 F.3d at 1159 (quoting Connick, 563 U.S. at 62); see also Lake v. City of Vallejo, No. 2:19-cv-1439 DAD KJN, 2023 WL 4086885, at *13, 2023

1   U.S. Dist. LEXIS 106255, at *38 (E.D. Cal. June 20, 2023) (plaintiff "must—at a minimum—
2   allege more than two incidents that predate the incident involving plaintiff to be considered
3   plausible notice to defendant . . . that there was a failure to train").

      B.   Eighth Amendment – Failure to Protect

5   "[A] prison official violates the Eighth Amendment only when two requirements are met.
6   First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or
7   omission must result in the denial of the minimal civilized measure of life's necessities." Farmer
8   v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second,
9   the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate
10  indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The
11  official is not liable under the Eighth Amendment unless he "knows of and disregards an
12  excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable
13  measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an
14  inmate from harm is not actionable under § 1983. Id. at 835.

15  "Prison officials have a duty to take reasonable steps to protect inmates from physical
16  abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982), abrogated on other grounds by
17  Sandin v. Conner, 515 U.S. 472 (1995).